J-A20043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE WADE | : | |
| | : | |
| Appellant | : | No. 2259 EDA 2021 |

Appeal from the PCRA Order Entered November 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010512-2011

BEFORE:  BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 23, 2022**

Terrance Wade (Wade) appeals an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition for post-conviction relief.  In 2013, Wade pleaded guilty to third-degree murder and other related offenses,[1] and he was sentenced to an aggregate prison term of 25 to 50 years.  Wade filed a PCRA petition in 2019, asserting that he was entitled to a new trial because the Commonwealth had failed to disclose, prior to the entry of his plea, that one of the investigating detectives in the case had

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Wade pleaded guilty to one count each of third-degree murder (18 Pa.C.S. § 2502(c)), carrying a firearm without a license (18 Pa.C.S. § 6106), carrying a firearm on a public street (18 Pa.C.S. § 6108), and possessing an instrument of crime (18 Pa.C.S. § 907).

previously engaged in police misconduct.  Finding no merit in Wade's claim of

after-discovered evidence, the PCRA court summarily dismissed the petition.

Wade appealed that order and we now affirm.

**I.**

The PCRA court has summarized the pertinent facts of the underlying

criminal case as follows:

> On May 1, 2011, at approximately 8:30 p.m., the victim, James Wright, walked from the direction of 4th Street toward the housing complex between 4th and 5th Streets on Washington Avenue in South Philadelphia.  Wright walked into the housing complex parking lot on 4th Street.  [Wade] had been in the surrounding parking lots since approximately 4 p.m. that afternoon purchasing drugs.  When Wright arrived at the 4th Street parking lot, [Wade] was there talking with Kadeem Crawford.  [Wade] and Wright talked for a few minutes, and then, Wright proceeded to walk away.  As Wright walked away, [Wade] shot Wright and Wright fell face first onto the ground.  [Wade] stood [over] Wright and continued shooting.  [Wade] then ran toward Washington Avenue and fled the scene.
>
> Philadelphia police arrived at the scene within minutes and found Wright lying face down on the ground.  Police proceeded to pick up Wright, put him in the back of a patrol car and drive him to Jefferson Hospital, where he was pronounced dead at 9:50 p.m. that evening.
>
> The medical examiner determined the cause of death to be multiple gunshot wounds, and the manner of death to be homicide.  The medical examiner reported a perforating gunshot wound to Wright's right back, as well as a penetrating gunshot wound to the lower right abdomen, a perforating gunshot wound to the left inner forearm, and two graze wounds to the right thigh and right forearm.
>
> On the evening of May 26, 2011, Philadelphia police officers spotted [Wade] in the area of 8th and Market Streets.  As Officers Mark Strange and Michael Moore approached [Wade], he took off running.  [Wade] was eventually stopped and arrested by the

- 2 -

officers. [Wade] did not have a valid license to carry a firearm in the State of Pennsylvania on the date of the murder.

PCRA Court 1925(a) Opinion, 1/28/2022, at 2-3.

After Wade was arrested and charged with first-degree murder and related offenses, the case proceeded to a jury trial. For two days, the Commonwealth presented the testimony of eyewitnesses, including Michael Burton and Mayoshi Sanders, both of whom identified Wade as the person who had fatally shot the victim. Before the Commonwealth had concluded its case-in-chief, Wade asked to change his plea to guilty. The trial court granted Wade's request and the parties stipulated to the additional evidence of Wade's guilt the Commonwealth would have presented had the trial gone forward.

In exchange for Wade's plea, the Commonwealth agreed to reduce the charge of first-degree murder to third-degree murder. Wade then pleaded guilty to that latter offense, as well as to several related gun charges. In both his oral and written plea colloquy, Wade then admitted that he shot and killed Wright. *See* Trial Transcript, 7/10/2013, at p. 27. Wade was sentenced as outlined above and he did not file an appeal.

In 2019, Wade filed a *pro se* PCRA petition based on the Commonwealth's non-disclosure of misconduct by one of the investigating officers in case, Detective Phillip Nordo. Wade had discovered from recent news reports that in unrelated cases, Detective Nordo had sexually assaulted, intimidated and threatened witnesses, coercing them into giving false testimony at criminal trials.

Wade's central contention is that Detective Nordo adversely affected the outcome of his trial by having taken statements from two Commonwealth witnesses: Michael Burton (an eyewitness), and Michael Smalls (who testified that Wade had a motive to kill the victim). According to Wade, Detective Nordo had established a pattern in other cases of intimidating witnesses into making perjurious statements that would implicate the defendants already under investigation. Wade speculated that Detective Nordo engaged in such misconduct here, and that had he known of that alleged misconduct at the time of the trial, he would have declined to plead guilty and allowed the jury to enter a verdict.

The PCRA court appointed counsel, who soon submitted a ***Turner/Finley*** "no-merit" letter.[2] Although appointed counsel believed that Wade's petition was timey filed under the "newly-discovered fact" exception to the PCRA's jurisdictional time-bar,[3] counsel did not believe that the

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Both the PCRA court and the Commonwealth have recognized that Wade's PCRA petition was timely filed under the newly-discovered fact exception to the PCRA's jurisdictional time-bar. ***See*** 42 Pa.C.S. § 9545(b)(1)(ii). We likewise find no basis in the record to question the timeliness of the petition, and the issue has not been raised in this appeal.

undisclosed conduct could satisfy the elements of a substantive claim for PCRA relief based on "after-discovered evidence."[4]

Wade then retained new PCRA counsel, who filed an amended PCRA petition on his behalf. Counsel also supplemented the amended petition with a litany of cases in which Detective Nordo had been accused or found guilty of misconduct. In a number of criminal cases in which he participated as an investigating officer, the detective's misconduct was found to be severe enough to warrant post-conviction relief.

Finding no merit in Wade's after-discovered claim, the PCRA court entered a Rule 907 notice of its intent to dismiss the petition without an evidentiary hearing. No response was filed, and the petition was dismissed. Wade then timely appealed, contending in his brief that the PCRA court erred as a matter of law in determining that the non-disclosure of Detective Nordo's misconduct prior to his plea now entitles him to PCRA relief. **See** Appellant's Brief, at 3.

---

[4] **See** 42 Pa.C.S. § 9543(a)(2)(vi).

**II.**

The sole issue in this appeal is whether the Commonwealth's non-disclosure of evidence concerning Detective Nordo's misconduct entitles Wade to withdraw his plea and receive a new trial.[5]

Generally, the Commonwealth's non-disclosure of exculpatory evidence violates the requirements of **Brady v. Maryland**, 373 U.S. 83 (1963), which compels the prosecution in criminal cases to turn over such material to the defense.[6] A **Brady** violation may establish a substantive PCRA claim of after-discovered evidence[7] as long as the petitioner can show that (1) the evidence was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence is not being used solely to impeach credibility; and (4) the evidence would likely compel a different verdict. **See Commonwealth v. Small**, 741 A.2d 666, 673 (Pa. 1999).

---

[5] A PCRA court's order denying relief will be upheld on review if the court's findings of fact are supported by the record, and its legal conclusions are free from error. **See Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa. Super. 2011).

[6] "A **Brady** violation comprises three elements: (1) suppression by the prosecution; (2) of evidence, whether exculpatory or impeaching, favorable to the defendant; [and] (3) to the prejudice of the defendant." **Commonwealth v. Paddy**, 800 A.2d 294, 305 (Pa. 2002).

[7] 42 Pa.C.S.§ 9543(a)(2).

Additionally, where the after-discovered evidence takes the form of an officer's undisclosed misconduct, a PCRA petitioner bears the burden of establishing a direct "nexus" between the undisclosed misconduct and the petitioner's case. **See Commonwealth v. Foreman**, 55 A.3d 532, 537-38 (Pa. Super. 2012) (affirming denial of after-discovered evidence claim because there was no nexus linking the detective's misconduct and the evidence of the petitioner's guilt). Otherwise, it would be impossible for a petitioner to show that the misconduct could have compelled a different verdict or that the evidence would have any use beyond the impeachment of the officer.

In the present case, our review of the record supports the PCRA's conclusion that Wade's after-discovered evidence claim has no merit. As the PCRA court noted, Wade has failed to assert a meritorious claim of after-discovered evidence because all of the misconduct he cites has stemmed exclusively from the cases of *other* criminal defendants in unrelated cases. Wade has been unable to link any of Detective Nordo's misconduct to the evidence which was used or would have been used at Wade's trial had he not entered a plea. Nor has Wade been able to establish how such misconduct, if properly disclosed, would have produced exculpatory evidence or led to the suppression of inculpatory evidence. Wade simply presumes that Detective Nordo's questioning of witnesses in this case constituted misconduct, but this

is insufficient to establish a necessary nexus warranting PCRA relief.  ***See***

***Foreman***, 55 A.3d at 537-38.

In sum, Wade did not show how the alleged misconduct of Detective

Nordo would have compelled a different trial result or that the misconduct

could have been used for a purpose other than impeachment.  Because Wade's

claim rests on pure speculation, these elements of an after-discovered

evidence claim cannot be met as a matter of law.  Thus, the PCRA court did

not err in dismissing Wade's PCRA petition and the order of dismissal must

stand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022